IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNY ISAIAH PRATHER, | : | PRISONER ACTION |
| Plaintiff, | : | 28 U.S.C. § 2201 |
| | : | |
| v. | : | |
| | : | |
| GA. BOARD OF PARDONS & | : | CIVIL ACTION NO. |
| PAROLES et al., | : | 1:18-CV-4028-TWT-JKL |
| Defendants. | : | |

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff is confined at Dodge State Prison in Chester, Georgia. Plaintiff has been serving a sentence of life imprisonment for approximately forty years. (Doc. 1.)

Plaintiff, pro se, filed a complaint seeking a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 against the State of Georgia and its board of pardons and paroles. (*Id.*) Plaintiff claims that he was maliciously prosecuted, he is innocent of the crimes of which he was convicted, the State conspired against him because of his race, and his judgment of conviction is void. (*Id.*) He seeks a judgment declaring that fundamental constitutional rights are protected and that neither Defendants nor any government may suspend those rights or restrain an innocent person's liberty. (*Id.*)

Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.) But he cannot proceed IFP because he has filed in federal court, while incarcerated, at least

three cases that were dismissed as frivolous or for failure to state a claim upon which relief may be granted.  *See* Order, *Prather v. Ray*, No. 1:02-cv-2079-JTC (N.D. Ga. Aug. 19, 2002) (dismissing case because Plaintiff is subject to the three strikes provision).  The "three strikes" provision of the Prison Litigation Reform Act bars a prisoner from filing a civil action in federal court without paying the filing fee "if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has been subject to the three strikes provision for almost twenty years. *Prather*, No. 1:02-cv-2079-JTC.  Plaintiff does not allege in this case that he is under imminent danger of serious physical injury.  (Doc. 1.)  This case is barred by the three strikes provision.

When § 1915(g) bars a prisoner from proceeding IFP, "the proper procedure is . . . to dismiss the complaint without prejudice." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  "The prisoner cannot simply pay the filing fee after being

AO 72A
(Rev.8/82)

denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit." *Id.*

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).[1]

**SO RECOMMENDED** this 29th day of August, 2018.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's complaint should not be recharacterized as a petition for a writ of habeas corpus for two reasons. First, Plaintiff expressly seeks relief under the federal statutes providing for declaratory relief, not the statutes providing for habeas relief, despite his awareness of both types of statutes. (Doc. 1.) Second, Plaintiff has filed multiple habeas petitions challenging his judgment of conviction and has not obtained permission from the court of appeals to file another one. *See* Order, *Prather v. Johnson*, No. 3:15-cv-171-TCB (N.D. Ga. Dec. 11, 2015) (denying Plaintiff's habeas petition as impermissibly successive); Order, *Prather v. Gramiak*, No. 3:14-cv-34-TCB (N.D. Ga. May 13, 2014) (same); Order, *Prather v. Smith*, No. 3:07-cv-7-JTC (N.D. Ga. Apr. 30, 2007) (dismissing Plaintiff's first habeas petition as untimely), *certificate of appealability denied*, No. 07-12480-F (11th Cir. Aug. 24, 2007).

AO 72A
(Rev.8/82)